OPINION
{¶ 1} The State appeals by leave of this court the trial court's judgment of acquittal of the indictment against James DeMarco Williams of two counts of felonious assault, a firearm specification, and having a weapon while under a disability. The trial court originally dismissed the indictment after it granted the defendant's oral acquittal motion, but later entered a judgment of acquittal consistent with the provisions of Crim. R. 26.
 {¶ 2} The facts underlying this appeal are set out in the State's brief and are not disputed.
 {¶ 3} "Lavon Howard was shot in the street in front of 1341 Morris Avenue in Dayton, Ohio on September 9, 2003. His stepson, James DeMarco Williams, was charged with the crime. By the time the case went to trial, Lavon Howard had stopped cooperating with police and prosecutors, as had his wife Shirley Howard, who was James DeMarco Williams' mother. That Howard was very badly injured was not an issue; the first officer on the scene and a paramedic who treated him testified that he had been shot in the side and was in very bad shape when they put him in the ambulance to go to the hospital. The question for the jury was who had shot him, and the State was in a different position because the State's key witnesses — the victim and his wife — stopped cooperating with the police and prosecutors sometime after grand jury, and did not honor the subpoena ordering them to appear at the trial.
 {¶ 4} "To prove Williams's guilt, the State relied upon statements Lavon and Shirley Howard made to others at the scene, which were either excited utterances or statements for medical treatment or diagnosis under Evid. R. 803(2) and 803(4). When Eric Hamby, the first police officer on the scene, saw Lavon Howard, Howard was laying in the street, curled up and moaning in pain from an obvious gunshot wound to the side. Howard told Hamby, in answer to Hamby's question, that James Williams had shot him. Paramedic Thomas Rice arrived shortly after Hamby did, and he began treating Howard. Howard told him that his son had shot him with a.38 caliber revolver. The defense did not object to the admission of Howard's statements to Officer Hamby and Paramedic Rice.
 {¶ 5} "The State also introduced a tape of Shirley Howard's 911 call, in which she reported the shooting, asked the operator to please send someone, and said that her son James had shot her husband. Her voice and speech on the 911 call show that she was distraught when she called. Officer Hamby talked to Shirley a few minutes after he talked to Lavon, and she was still beside herself. She told him the same thing she had told the 911 operator — that Williams had shot Lavon Howard.
 {¶ 6} "The State also produced other evidence to prove that Williams had shot his stepfather. Williams fled in his mother's car right after the shooting and hid out until police found him, six weeks later, living in a motel in Butler Township. He lied about his identity when he was caught, and he told different stories about the shooting when he talked to the police.
 {¶ 7} "The trial court heard argument on the admissibility of Shirley Howard's out-of-court statements, decided to admit them, but then changed his mind after researching Ohio's Confrontation Clause and State v.Storch (1993), 66 Ohio St.3d 2806, 612 N.E. 2d 305. According to the court, the State's efforts to secure the attendance of the witnesses fell short of proving that they were unavailable, because the State did not obtain a material witness warrant to secure their attendance. As a result, he granted Williams's Crim. R. 29 motion for acquittal and dismissed the case."
 {¶ 8} The State of Ohio has presented one argument in this appeal. It is as follows:
 {¶ 9} "In a criminal trial, the admission against the defendant of excited utterances and statements made for medical diagnosis does not violate Ohio's Confrontation Clause. Nor does admission of such statements violate the Sixth Amendment Confrontation Clause, even after the decision in Crawford v. Washington (2004), 124 S.Ct. 1354. Thus, the trial court erred in believing that introduction of the statements deprived Williams of a fair trial, and further abused its discretion in acquitting defendant on that basis."
 {¶ 10} The State argues that the trial court should have ordered a mistrial rather than granting the defendant's motion for an acquittal when it determined that it had improperly admitted evidence which violated Williams' right to confront his accuser under the Ohio Constitution. The State argues that the trial court's action denied it the right to pursue a mid-trial appeal of an evidentiary ruling which eviscerated the State's case.
 {¶ 11} We disagree with the State that the trial court was obligated to grant a mistrial when it determined that it had admitted improper evidence. Crim. R. 12(K) allows for expedited prosecution appeals from evidentiary rulings during trial without impermissibly infringing upon a defendant's interest in an uninterrupted trial because of the procedural safeguards provided by the certification. State v. Malinovsky (1991),60 Ohio St.3d 20. The State did not request that the trial court provide it an opportunity to perfect a mid-trial appeal in the event the court was disposed to grant Williams' Rule 29 motion because of its reconsidered evidentiary rulings. Had that approach been taken by the prosecutor, the trial court would not have been required to enter a mistrial order and have dismissed the jury. The Supreme Court of Ohio has held that where a motion to suppress is made and granted after the commencement of a trial, a trial court shall not proceed to enter a judgment of acquittal so as to defeat the state's right of appeal pursuant to Crim. R. 12(J). State v. Fraternal Order of Eagles Aerie0337 Buckeye (1991), 58 Ohio St.3d 166.
 {¶ 12} On this record, it is not clear whether the prosecutor was aware that the court was prepared to reconsider its prior ruling or to grant a judgment of acquittal as a result of its reconsidered ruling. However, even if the State was unaware of that prospect, the State may not appeal from the judgment of acquittal because it is the final verdict of a trial court in a criminal case. R.C. 2945.67(A). Therefore, we necessarily must affirm the judgment of acquittal from which this appeal was taken.
 {¶ 13} In State v. Storch (1993), 66 Ohio St.3d 280, the Ohio Supreme Court held that Evid. R. 807 accords with the right of confrontation guaranteed by both Section 10, Article I of the Ohio Constitution and theSixth Amendment to the Constitution of the United States. Evid. R. 807 provides for the admissibility of child statements in abuse cases provided that the child's testimony is not reasonably obtainable by the proponent of the statement. In Storch the court held that the trial court erred in admitting the child's hearsay statements because no attempt was made to bring the child to court so that the court could determine whether the child was capable of testifying.
 {¶ 14} The trial court concluded that admitting excited utterances against a defendant in a criminal trial violated Ohio's Confrontation Clause unless the State has shown that the declarant is unavailable and the State had not shown that the declarants were unavailable. We disagree with the trial court's conclusion in both respects.
 {¶ 15} Evid. R. 803(2) provides that the following are not excluded by the hearsay rule, even though the declarant is available as a witness.
 {¶ 16} "(2) Excited utterances. A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition."
 {¶ 17} In establishing exceptions to the hearsay rule there are two aspects that have predominated common law development. These are necessity and a circumstantial guaranty of trustworthiness surrounding the hearsay declaration that tends to assure truthfulness of the hearsay testimony despite the absence of the oath and cross-examination. Staff Note to Evid. R. 803. Indeed, Ohio has long recognized the admissibility of excited utterances as an exception to the hearsay rule without the State demonstrating that the declarant was unavailable as a witness.Potter v. Baker (1955), 162 Ohio St. 488 at 498.
 {¶ 18} The Court in Storch noted that the circumstances under which extra judicial statements can be admitted into evidence are few.66 Ohio St.3d at 393. We are confident that excited utterances fit those exceptional circumstances for their admission without regard to the availability of the declarant as a witness.
 {¶ 19} The trial court did not ground its ruling upon the recent United States Supreme Court case of Crawford v. Washington (2004),541 U.S. ___, 124 S.Ct. 1373. In that case the Supreme Court held that theSixth Amendment Confrontation Clause bars the use of a "testimonial" statement made by a witness who does not appear at a criminal trial unless the witness is unavailable to testify at trial and was subject to cross-examination at the time the statement was made. The Court noted, however, that where the statement is not "testimonial" in nature, the Confrontation Clause is ordinarily not implicated. The Court did not provide a comprehensive definition of "testimonial" but stated it applied it at a minimum to prior testimony at a preliminary hearing, grand jury, or trial and to police interrogations. The Court noted these practices bore the closest kinship to the abuses at which the Confrontation Clause was directed, to wit ex parte examinations of witnesses by justices of the peace.
 {¶ 20} Recently, a New York trial court ruled that a 911 emergency call made by a domestic assault victim is not testimonial in nature and, provided it meets the excited utterance exception to the hearsay rule, it may be admissible against the defendant without violating theSixth Amendment Confrontation Rights of the accused. People v. Moscat,3 Misc. 3d 739, 2004 N.Y. Slip Op. 24090.
 {¶ 21} Judge Ethan Greenberg observed in People v. Moscot:
 {¶ 22} "But the analogy should not be extended too far. The 911 call — usually, a hurried and panicked conversation between an injured victim and a police telephone operator — is simply not equivalent to a formal pretrial examination by a justice of the peace in Reformation England. If anything, it is the electronically augmented equivalent of a loud cry for help. The Confrontation Clause was not directed at such a cry.
 {¶ 23} "Moreover, a 911 call can usually be seen as part of the criminal incident itself, rather than as part of the prosecution that follows. Many 911 calls are made while an assault or homicide is still in progress. Most other 911 calls are made in the immediate aftermath of the crime. Indeed, the reason why a 911 call can qualify as an `excited utterance' exempt from the rules of evidence barring hearsay is that very little time has passed between the exciting event itself and the call for help; the 911 call qualifies as an excited utterance precisely because there has been no opportunity for the caller to reflect and falsify her (or his) account of events."
 {¶ 24} We need not decide whether the State's introduction of the 911 call by Sharon Howard violated Williams' Confrontation Rights under the United States Constitution because the trial court did not reach that issue. We find, however, that the court's ruling that excited utterances are inadmissible under Section 14, Article I of the Ohio Constitution unless the State demonstrates that the declarant is unavailable to be in error. We find nothing in State v. Storch, supra, commands such a result and we find Judge Greenberg's reasoning persuasive for admitting such testimony.
 {¶ 25} The Fourth District Court of Appeals did not construe Storch to impose an availability requirement on the firmly rooted hearsay exception of excited utterances. See, State v. Johnson (December 26, 1995),1995 WL 764319 (Ohio App. 4th Dist). Similarly, the Sixth District Court of Appeals came to the same conclusion in In the Matter of James W.,1997 WL 256679 (Ohio App. 6th Dist).
 {¶ 26} We decline to decide whether Lavon Howard's statements to the police officer and the paramedic qualified as statements made for medical diagnosis and as admissible hearsay because the defendant interposed no objection to that testimony when that testimony was presented.
 {¶ 27} The State's argument or assignment of error is Sustained in part. The judgment of the trial court is affirmed.
Grady, J., and Young, J., concur.