OPINION
{¶ 1} Defendant, Benjamin G. Mills, appeals from his conviction and sentence for domestic violence.
 {¶ 2} On January 29, 2005, Dayton police officer Roger Pittman was dispatched to 22 Anderson Street on a domestic violence complaint. Andrea Conley told Officer Pittman that Defendant, the father of her child, came over the night before and started arguing with Conley. The argument escalated, and Defendant grabbed Conley's hair and dragged her around the house by the hair while she held their daughter in her arms. Eventually, Defendant pushed Conley onto the bed and began strangling her. Defendant then let her go and punched Conley in the eye.
 {¶ 3} Conley slept on the couch with her daughter until morning. When Defendant left, Conley called police. Officer Pittman observed bruises under Conley's left eye and on the left side of her neck, and further observed chunks of her hair throughout the house. Photographs were taken. When Officer Pittman saw Defendant at a bus stop near Conley's home, Pittman called for backup and followed a bus carrying Defendant until assistance arrived, at which time Pittman removed Defendant from the bus and placed him in his police cruiser. Officer Pittman then returned to Conley's residence, where Conley identified Defendant as the man who assaulted her. Officer Pittman arrested Defendant for domestic violence.
 {¶ 4} Defendant was charged in Dayton Municipal Court with misdemeanor domestic violence. Upon discovering that Defendant had previous domestic violence convictions, the State dismissed the misdemeanor domestic violence charge and refiled that charge as a felony. At a subsequent preliminary hearing, Conley testified about Defendant's assault on her, establishing probable cause to bind the case over to the grand jury.
 {¶ 5} On March 14, 2005, Defendant was indicted on one count of domestic violence, R.C. 2919.25(A), a felony of the fourth degree due to a previous conviction for domestic violence, and one count of abduction, R.C. 2905.02(A)(2), a felony of the third degree.
 {¶ 6} On or about April 12, 2005, Conley submitted notarized affidavits to Defendant's trial counsel, recanting the story she had told police. Conley now alleged that her injuries were the result of consensual rough sex she had with Defendant, and that she had asked Defendant to do those things to her.
 {¶ 7} On May 20, 2005, Defendant was indicted on an additional charge of domestic violence, R.C. 291925(A), a felony of the third degree due to two previous convictions for domestic violence. The State dismissed the earlier felony four domestic violence charge.
 {¶ 8} A jury trial commenced on May 23, 2005, but Conley failed to appear for trial. Despite the issuance of a material witness warrant and numerous efforts by the State, Conley could not be located, and she was declared unavailable for trial. Over Defendant's objection the trial court granted the State's request to admit into evidence the prior sworn testimony Conley gave at the preliminary hearing. The jury subsequently found Defendant guilty of domestic violence with two prior convictions for that same offense, but not guilty of abduction. The trial court sentenced Defendant to one year in prison.
 {¶ 9} Defendant timely appeals to this court from his conviction and sentence.
FIRST ASSIGNMENT OF ERROR
 {¶ 10} "THE STATE OF OHIO FAILED TO PROVE BEYOND A REASONABLE DOUBT THAT THE COMPLAINING WITNESS WAS A `FAMILY OR HOUSEHOLD MEMBER' AS DEFINED IN OHIO REVISED CODE SECTION 2919.25."
 {¶ 11} Defendant argues that his conviction for domestic violence is not supported by legally sufficient evidence because the State failed to prove that the victim, Andrea Conley, was a family or household member per R.C. 2919.25.
 {¶ 12} A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law. Thompkins, supra. The proper test to apply to such an inquiry is the one set forth in paragraph two of the syllabus of State v. Jenks (1991), 61 Ohio St.3d 259:
 {¶ 13} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."
 {¶ 14} R.C. 2919.25(A) provides that no person shall knowingly cause or attempt to cause physical harm to a family or household member. R.C. 2919.25(F)(1) defines family or household member to include: (b) The natural parent of any child of whom the offender is the other natural parent or is the putative other natural parent.
 {¶ 15} The State relied on Andrea Conley's testimony at the preliminary hearing that she and Defendant have a child together and that he is the father of her child in order to establish that Conley is a family or household member as defined by R.C.2919.25(F)(1)(b). Defendant argues that Conley's testimony standing alone, without further proof such as a paternity test, is insufficient to prove that Defendant is the father of Conley's child, and therefore that Conley is a family or household member under R.C. 2919.25(F)(1)(b). We disagree.
 {¶ 16} Conley testified at the preliminary hearing that Defendant is the father of her child. On cross-examination, Conley expressed certainty that Defendant is the father, and she explained that she had not had sexual relations with any other man for two years prior to the birth of her daughter. This testimony was uncontroverted and constitutes direct evidence. If believed by the trier of facts, it establishes that Defendant is the natural parent (father) of Conley's child, not merely the putative father. Defendant did not offer any evidence to the contrary. In fact, at trial Defendant offered Conley's notarized affidavits in which she recanted her earlier statements to police that Defendant hit and choked her, as proof that this offense did not occur. In those notarized affidavits, Conley reiterates that she and Defendant have a child together and they planned to be married and raise their family. Accordingly, both parties introduced uncontested evidence that Defendant is the father of Conley's child. If believed, that evidence is clearly sufficient to establish that Defendant is the father of Conley's child.
 {¶ 17} Defendant claims that Conley's testimony that Defendant is the father of her child amounts to nothing more than a mere allegation and, standing alone, is inadequate to prove that assertion. That is a challenge to the believability and weight of that evidence, not its legal sufficiency. The credibility of the witnesses and the weight to be given to their testimony are maters for the trier of facts to resolve. State v.DeHass (1967), 10 Ohio St.2d 230. It is clear from the guilty verdict that the jury chose to believe Conley's testimony, which it was entitled to do.
 {¶ 18} It is simply not relevant, much less dispositive, that Defendant and Conley were never married and never lived together, that Defendant did not sign the birth certificate or otherwise formally establish his paternity, that there is no evidence concerning the nature and extent of Defendant's relationship with Conley's child, or that there is no court order for child support. The State did not rely upon those factors to prove that Conley and Defendant are the natural parents of Conley's child. Conley's testimony that Defendant is the father of her child, if believed, is sufficient to establish that fact and, concomitantly, that Conley is a family or household member as defined by R.C. 2919.25(F)(1)(b).
 {¶ 19} Viewing the evidence presented at trial in a light most favorable to the State, as we must, a rational trier of facts could find all of the essential elements of domestic violence proved beyond a reasonable doubt. Defendant's conviction is supported by legally sufficient evidence. Accordingly, his due process rights were not violated. In re Winship (1970),397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368.
 {¶ 20} Defendant further claims that his equal protection rights were violated because while an offender's status as either a natural parent or a putative natural parent of the victim's child will establish that the victim is a family or householder member per R.C. 2919.25(F)(1)(b), the quantum of proof needed to establish Defendant's status as a putative parent is less than that required to prove that he is a natural parent. Therefore, natural and putative parents, though similarly situated, are not treated alike under the statute. We are not persuaded by this argument.
 {¶ 21} As support for his claim Defendant reiterates his argument about the insufficiency of the evidence in this case: that Conley's testimony, standing alone, which is only a mere allegation that Defendant is the father of her child, should not be deemed sufficient to prove that Defendant is the putative father of Conley's child when proof that Defendant is the natural father of Conley's child would require proof of paternity. Defendant's equal protection argument fails, however, because we have concluded that Conley's testimony that Defendant is the father of her child, which was uncontested and believed by the jury, is legally sufficient to establish Defendant's status as the natural father (parent) of Conley's child. Therefore, Defendant cannot complain about his treatment as a putative father.
 {¶ 22} The first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 23} "THE TRIAL COURT ERRED BY PERMITTING HEARSAY TESTIMONY AGAINST THE DEFENDANT, THEREBY DENYING THE DEFENDANT HIS SIXTH AMENDMENT RIGHT TO CONFRONT WITNESSES."
 {¶ 24} Defendant argues that the trial court abused its discretion and denied him his constitutional right of confrontation by admitting hearsay evidence at trial in the form of (1) Andrea Conley's previous testimony at the preliminary hearing, under the former testimony exception to the rule against hearsay, Evid.R. 804(B)(1), and (2) Lisa Serafini's testimony at trial relating what Andrea Conley said to her in a phone conversation during the incident which forms the basis for these charges, under the present sense impression exception to the rule against hearsay, Evid.R. 803(1).
 {¶ 25} Andrea Conley, the victim, testified at the grand jury and at the preliminary hearing. Subsequently, however, she stopped cooperating with the State, and approximately one month before trial filed notarized affidavits recanting her allegations that Defendant had assaulted her. The State scheduled several office appointments for Conley prior to trial, but she failed to appear. The State subpoenaed Conley for trial, and when she was personally served she assured the State's investigators that she would be at the trial, but she nevertheless failed to appear. The State then requested, and the trial court issued, a material witness warrant for Conley. The State's investigators were unable, however, to locate Conley to arrest her. When the investigators talked to Conley's mother to determine her whereabouts, she advised them that Conley had left town and did not intend to appear at the trial. The investigators then talked to Conley's neighbors and asked them to contact authorities if Conley returned to her residence. Shortly after that, the State's investigators were alerted by neighbors that Conley had returned. The investigators immediately returned to Conley's residence only to be told by neighbors that Conley's mother had picked Conley up and they both left in a black pick-up truck. No one was home at either Conley's or her mother's residence, and several phone calls to those locations went unanswered.
 {¶ 26} The trial court declared Conley unavailable for trial in accordance with Evid.R. 804(A)(5) and, over Defendant's objection, granted the State's request to admit Conley's former testimony from the preliminary hearing at trial pursuant to Evid.R. 804(B)(1).
 {¶ 27} A trial court has broad discretion regarding the admission or exclusion of evidence, and its exercise of that discretion will not be disturbed on appeal absent an abuse of discretion. State v. Woling, 98 Ohio St.3d 44, 2002-Ohio-7044. An abuse of discretion means more than just an error of law or an error in judgment. It implies an arbitrary, unreasonable, unconscionable attitude on the part of the court. State v.Adams (1980), 62 Ohio St.2d 151.
 {¶ 28} When a witness is unavailable for trial the witness's prior testimony may be admitted in evidence if the proponent of that evidence demonstrates that the witness is unavailable to testify at trial and the witness's prior testimony bears an adequate indicia of reliability. State v. White (Jan. 21, 2005), Montgomery App. No. 20324, 2005-Ohio-212; Ohio v.Roberts (1980), 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597;State v. Madison (1980), 64 Ohio St.2d 322; State v. Howard
(June 20, 2003), Montgomery App. No. 19413, 2003-Ohio-3235. Evid.R. 804(B)(1) codifies the common law hearsay exception for former testimony and provides:
 {¶ 29} "(B) Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
 {¶ 30} "(1) Former testimony. Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination. Testimony given at a preliminary hearing must satisfy the right to confrontation and exhibit indicia of reliability."
 {¶ 31} In Crawford v. Washington (2004), 541 U.S. 36,124 S.Ct. 1354, 158 L.Ed.2d 177, the Supreme Court held that the Sixth Amendment's confrontation clause does not bar the admission of "testimonial hearsay" when the declarant is unavailable for trial and the accused had a prior opportunity to cross-examine the declarant in the proceeding in which the testimony was given.
 {¶ 32} Defendant claims that the admission of Conley's preliminary hearing testimony is barred by Crawford. First, Defendant argues that the State failed to prove that Conley was unavailable as a witness at trial. In support of that position, Defendant asserts that pursuant to our decision in State v.White, supra, before declaring a witness unavailable for trial the trial court must (1) compel the witness' attendance after a refusal to obey a subpoena, (2) interview the witness to confirm that the witness will refuse to testify at trial, and (3) order the witness to testify. According to Defendant, the latter two steps were never taken by the trial court, and therefore it was premature for the court to declare Conley unavailable. We disagree.
 {¶ 33} Our decision in White is clearly distinguishable from this case. In White the witness was declared unavailable pursuant to Evid.R. 804(A)(2), which involves situations where the declarant persists in refusing to testify concerning the subject matter of the declarant's statement despite an order of the court to do so. Under those circumstances, the trial court must question the witness about a refusal to testify and order the witness to testify, because the witness must disobey a court order to testify to be unavailable pursuant to Evid.R. 804(A)(2).White, supra; Weissenberger, Ohio Evidence (2004), Section 804.4.
 {¶ 34} In the present case, Conley was found to be unavailable pursuant to Evid.R. 804(A)(5), which involves situations where the declarant is absent from the hearing and the proponent of the declarant's statement has been unable to procure the declarant's attendance by process or other reasonable means. The evidence presented unquestionably demonstrates that the State was unable to locate Conley and procure her attendance at the trial by legal process and other reasonable means. We have already discussed the State's extensive efforts to find Conley and bring her to trial. Nevertheless, Defendant tries to argue that Conley was not unavailable but rather merely uncooperative because Conley intentionally absented herself from the trial, her motive being that the inconsistent statements she made under oath at different times might expose her to a perjury charge. We are not persuaded by this reasoning. It simply does not change the fact that Conley could not be found and was unavailable as that term is defined in Evid.R. 804(A)(5). If through legal process and other reasonable means the State was unable to locate Conley and procure her attendance at trial, she is unavailable for trial per Evid.R. 804(A)(5). The trial court did not abuse its discretion on these facts in declaring Conley unavailable for trial.
 {¶ 35} Defendant additionally argues that he did not have a sufficient or meaningful opportunity to cross-examine Conley at the preliminary hearing because he had not yet received discovery and he was not permitted to fully explore his theory that Conley's injuries were the result of consensual rough sex with Defendant, or to fully cross-examine Conley about her drug use and mental disorder. The record refutes these contentions.
 {¶ 36} Defendant clearly had a similar motive at the preliminary hearing as would exist at trial, for developing Conley's testimony on cross-examination, which was to test the reliability and credibility of Conley's assertions regarding how she received her injuries. It is the opportunity to meaningfully test and develop by direct and cross-examination the witness' testimony at the prior proceeding where the witness is under oath that provides the indicia of trustworthiness and reliability that satisfies the confrontation clause. White, supra; Crawford,supra. That occurred in this case.
 {¶ 37} Defendant thoroughly cross-examined Conley about the identity of her daughter's father, and probed the theory that Conley's injures were the result of consensual rough sex. Furthermore, Defendant inquired about Conley's use of illegal drugs, which she denied, and her mental disorder, for which she acknowledged taking certain medications. Defendant had an adequate and meaningful opportunity to test and develop Conley's former testimony under oath at the preliminary hearing. Therefore, Conley's testimony at the preliminary hearing bears indicia of trustworthiness and reliability sufficient to satisfy the confrontation clause. The trial court did not abuse its discretion in admitting Conley's preliminary hearing testimony at Defendant's trial pursuant to Evid.R. 804(B)(1).
 {¶ 38} Defendant also argues that Crawford, supra, bars the testimony by State's witness Lisa Serafini relating statements Conley made to her during a phone conversation, and that the trial court abused its discretion in admitting that evidence. InCrawford the Supreme Court held that the Sixth Amendment confrontation clause bars the admission of "testimonial" hearsay unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant. While a comprehensive definition of "testimonial" was not provided, the Supreme Court indicated that, at a minimum, it applies to prior testimony at a preliminary hearing, before a grand jury, or at a former trial, and responses to police interrogations because those are modern practices with the closest kinship to the abuses at which the Confrontation Clause was directed. Id., at 68. See also: Statev. Byrd, 160 Ohio App.3d 538, 2005-Ohio-1902.
 {¶ 39} A 911 emergency call made by an assault victim is not "testimonial" hearsay for purposes of Crawford and, provided it meets the excited utterance exception to the hearsay rule, it may be admitted against a Defendant without violating Sixth Amendment confrontation rights. Byrd, supra, quoting State v. Moscat
(2004), 3 Misc. 3d 739, 777 N.Y.S.2d 875. Such a call is simply not the equivalent of the abuses at which the Confrontation Clause was directed: a formal pretrial examination by a justice of the peace in Reformation England. Moscat, at 746.
 {¶ 40} On the evening of January 28, 2005, Lisa Serafini received a telephone call from her friend, Andrea Conley. Serafini could hear Conley arguing with Defendant, who prefers to be called Jamie, in the background. Conley asked Serafini to come and pick her up because she and Defendant were arguing. Serafini testified that she heard Conley say: "Jamie, leave me along. Jamie stop. Jamie leave me alone. Stop." A few moments later the phone went dead. Conley became more anxious and upset during this phone conversation, and went from asking Serafini to come and get her to yelling "Come get me." Serafini tried to call Conley back several times that evening but was never able to reach her.
{¶ 41} Conley's statements to Serafini are not "testimonial" hearsay as contemplated by Crawford. These statements were not made in response to police interrogation or any other formal, structured official examination or questioning, but rather were made during a telephone call while the criminal incident itself was in progress, and that phone call had hurried and panicked overtones, much like a 911 call for help. The trial court admitted Conley's statements to Serafini under the present sense impression exception to the hearsay rule, Evid.R. 803(1).
 {¶ 42} Non-testimonial hearsay statements may be admitted without violating Defendant's confrontation rights if those statements fall within a recognized exception to the hearsay rule. State v. Williams (Jan. 21, 2005), Montgomery App. No. 20368, 2005-Ohio-213; Byrd, supra; Crawford, supra. That is the case here. All of the foundational requirements for admitting Conley's statements to Serafini as present sense impression were present in this case: the statement was made while the declarant was perceiving the event in question, the declarant had firsthand knowledge of the event perceived, and the statement made described the event or condition. Weissenberger, Ohio Evidence Courtroom Manual (2005), pp. 372-373. Crawford does not bar the admission of this evidence, and the trial court did not abuse its discretion in admitting Conley's statements to Serafini under the present sense impression exception to the hearsay rule.
 {¶ 43} The second assignment of error is overruled. The judgment of the trial court will be affirmed.
Brogan, J. and Donovan, J., concur.