[Cite as *State v. Moore*, 2021-Ohio-1856.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2020-09-016 |
| | : | O P I N I O N |
| - vs - | | 6/1/2021 |
| | : | |
| JOHN W. MOORE, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM WASHINGTON COURT HOUSE MUNICIPAL COURT
Case No. CRB1900950


Mark J. Pitstick, Washington Court House City Attorney, 224 N. Fayette Street, #1, Washington Court House, Ohio 43160, for appellee

Steven H. Eckstein, Fayette County Public Defender, 1208 Bramble Ave., Washington Court House, Ohio 43160, for appellant


**S. POWELL, P.J.**

{¶ 1} Appellant, John W. Moore, appeals his conviction in the Washington Court House Municipal Court after a jury found him guilty of one count of domestic violence. For the reasons outlined below, we affirm Moore's conviction.

{¶ 2} On August 28, 2019, Moore was arrested and charged with one count of domestic violence in violation of 2919.25(A), a first-degree misdemeanor. The charge

arose after it was alleged Moore had struck the victim, H.M., the mother of his then two-month-old son, causing H.M. to suffer physical harm. Moore pled not guilty and the matter was tried to a jury on September 11, 2020. During trial, the jury heard testimony from four witnesses, including both H.M. and Moore.

{¶ 3} H.M. testified that she and Moore, who H.M. identified as the father of her infant son, got into an argument over ten dollars H.M. had stored in her vehicle's center console. H.M. testified that this argument ultimately resulted in a physical altercation between her and Moore. H.M. testified that during this altercation Moore choked her and elbowed her in the face three or four times. H.M. testified that Moore also punched her in the face at least four times after she bit him on the arm for a "millisecond" to "get him off of [her]." H.M. testified that these blows caused her to slip "[i]n and out" of consciousness. H.M. also testified that these blows caused her to suffer a "severe concussion" and a broken nose. When asked if she had fully recovered from her injuries, H.M. testified that she had not, that she was still seeing a doctor at least twice a year to "help fix the bridge of [her] nose so [her] sinuses aren't collapsed," and that she has a "deviated septum from it all."

{¶ 4} Moore testified in his defense and denied H.M.'s claims. Moore instead testified that it was H.M. who was upset with him because he "was having fun with [his] family" and not "engaging any with her or the baby," a child Moore testified he "didn't even know" was his, while he, H.M., and the baby were at his cousin's house. Moore testified that this argument continued after they left his cousin's house and eventually morphed into a dispute over "two tubes" of medical marijuana located in the center console of H.M.'s vehicle. Moore testified that during this argument H.M. told him to "get this weed out of [her] car." To this, Moore testified that he reached for the marijuana inside H.M.'s vehicle, but that H.M. told him "no, you don't get both of them." Moore testified that H.M. then threw the "two tubes" of marijuana onto the vehicle's floorboard by her feet.

{¶ 5} After H.M. threw the of marijuana onto the floorboard, Moore testified that he asked H.M., "what's the procedure with this?" To this, Moore testified that H.M. told him that he was "not going to get it, you're not going to get them." Moore testified that he then reached down to pick up the of marijuana, but that H.M. "close[d] [his] arm in." Moore testified that he then looked up when H.M. scratched him on the head and bit him on the arm. Once H.M. bit him on the arm, Moore testified that he "hit [H.M.] one time," which, according to Moore, knocked H.M. off of him. Moore, who described this incident as "[b]ite, strike, away," then testified that he wished it had never happened, but that he had acted in self-defense by hitting H.M. in response to her scratching him in the head and biting him on the arm "so hard."

{¶ 6} After both parties rested, the jury deliberated and returned a verdict finding Moore guilty as charged. Following the jury's verdict, the trial court proceeded immediately to sentencing and sentenced Moore to serve a 180-day jail term. The trial court also ordered Moore to pay court costs. In issuing its sentencing decision, the trial court stated that "we've all seen different types of [domestic violence]," but that "this is one of the worst." The trial court also stated, "[H.M.] had a concussion, a broken nose. I wonder what had happened * * * if the police hadn't arrived so quickly." Moore now appeals his conviction, raising the following two assignments of error for review.

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE TRIAL COURT ERRED WHEN IT ENTERED A JUDGMENT AGAINST THE APPELLANT, WHICH WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE.

{¶ 9} Assignment of Error No. 2:

{¶ 10} THE TRIAL COURT ERRED WHEN IT ENTERED A JUDGMENT AGAINST APPELLANT, WHICH WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 11} In his two assignments of error, Moore argues his conviction was not

supported by sufficient evidence and was against the manifest weight of the evidence. We disagree.

{¶ 12} Whether the evidence presented is legally sufficient to sustain a verdict is a question of law. *State v. Grinstead*, 194 Ohio App.3d 755, 2011-Ohio-3018, ¶ 10 (12th Dist.). "When reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Tenbrook*, 12th Dist. Butler No. CA2020-01-005, 2020-Ohio-5227, ¶ 9, citing *State v. Intihar*, 12th Dist. Warren No. CA2015-05-046, 2015-Ohio-5507, ¶ 9, 57. The relevant inquiry is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. This test "requires a determination as to whether the state has met its burden of production at trial." *State v. Boles*, 12th Dist. Brown No. CA2012-06-012, 2013-Ohio-5202, ¶ 34, citing *State v. Wilson*, 12th Dist. Warren No. CA2006-01-007, 2007-Ohio-2298, ¶ 33. "[A] reversal based on insufficient evidence leads to an acquittal that bars a retrial." *State v. Gideon*, Slip Opinion No. 2020-Ohio-6961, ¶ 27.

{¶ 13} Unlike a challenge to the sufficiency of the evidence, a manifest weight of the evidence challenge examines the "inclination of the greater amount of credible evidence, offered at a trial, to support one side of the issue rather than the other." *State v. Barnett*, 12th Dist. Butler No. CA2011-09-177, 2012-Ohio-2372, ¶ 14, citing *State v. Wilson*, 12th Dist. Warren No. CA2006-01-007, 2007-Ohio-2298, ¶ 34. "To determine whether a conviction is against the manifest weight of the evidence, the reviewing court must look at the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving the conflicts in the evidence, the trier

of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Morgan*, 12th Dist. Butler Nos. CA2013-08-146 and CA2013-08-147, 2014-Ohio-2472, ¶ 34, citing *State v. Graham*, 12th Dist. Warren No. CA2008-07-095, 2009-Ohio-2814, ¶ 66. But, even then, the determination of witness credibility is primarily for the trier of fact to decide. *State v. Baker*, 12th Dist. Butler No. CA2019-08-146, 2020-Ohio-2882, ¶ 30, citing *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus. This court, therefore, "will overturn a conviction due to the manifest weight of the evidence only in extraordinary circumstances when the evidence presented at trial weighs heavily in favor of acquittal." *State v. Kaufhold*, 12th Dist. Butler No. CA2019-09-148, 2020-Ohio-3835, ¶ 10, citing *State v. Blair*, 12th Dist. Butler No. CA2014-01-023, 2015-Ohio-818, ¶ 43.

{¶ 14} As noted above, Moore was convicted of domestic violence in violation of R.C. 2919.25(A). Pursuant to that statute, "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." A person acts knowingly when, regardless of purpose, "the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B). The term "physical harm" means "any injury, illness, or other physiological impairment regardless of its gravity or duration." R.C. 2901.01(A)(3). R.C. 2919.25(F)(1)(b) defines a "family or household member" to include "[t]he natural parent of any child of whom the offender is the other natural parent or is the putative other natural parent." Given these elements, domestic violence in violation of R.C. 2919.25(A) "'is essentially assault with the added element that the person assaulted is a family or household member.'" (Internal quotation marks deleted.) *State v. Grimm*, 12th Dist. Clermont No. CA2018-10-071, 2019-Ohio-2961, ¶ 28, quoting *State v. Houston*, 10th Dist. Franklin No. 16AP-157, 2017-Ohio-1122, ¶ 45.

{¶ 15} Moore initially argues the jury's decision finding him to be a "family or

- 5 -

household member" of H.M. was not supported by sufficient evidence and was against the manifest weight of the evidence since he testified that he was not the father of H.M.'s infant son. However, it is well established that, if believed, a victim's testimony that the defendant is the natural parent of the victim's child is sufficient to prove the defendant is the victim's "family or household member" as defined by R.C. 2919.25(F)(1)(b). *See, e.g., State v. Smith*, 12th Dist. Warren No. CA2011-01-002, 2011-Ohio-2346, ¶ 13 (victim's testimony that appellant was the biological father of her two-year-old son, if believed, was sufficient to prove the victim was appellant's "family or household member" as defined by R.C. 2919.25[F][1][b]); *State v. Femuels*, 1st Dist. Hamilton No. C-190486, 2020-Ohio-2926, ¶ 31 ("[victim's] testimony that [appellant] was the father of her child was sufficient to establish that [the victim] was a family or household member pursuant to R.C. 2919.25[F][1][b]"); *State v. Mills*, 2d Dist. Montgomery No. 21146, 2006-Ohio-2128, ¶ 18 ("[victim's] testimony that Defendant is the father of her child, if believed, is sufficient to establish that fact and, concomitantly, that [the victim] is a family or household member as defined by R.C. 2919.25[F][1][b]").

{¶ 16} Given its verdict, the jury clearly chose to believe H.M.'s testimony that Moore was the father of her infant son rather than the testimony offered by Moore that he was not the child's father. This was well within the jury's purview as the trier of fact and ultimate fact finder. *See State v. Thomin*, 12th Dist. Butler Nos. CA2019-11-188 and CA2019-12-199, 2020-Ohio-4625, ¶ 19 ("[b]y its verdict, the jury clearly choose [sic] to credit some, if not all, of [the victim's] testimony regarding the assault and her resulting injuries," a decision which "was well within the jury's purview as the trier of fact and ultimate fact finder"). This is particularly true here when considering Moore specifically testified and acknowledged that he was present with H.M. for the child's birth. Therefore, contrary to Moore's claim, the jury's decision finding he was a "family or household member" of H.M. as defined by R.C.

2919.25(F)(1)(b) by virtue of Moore being the father of H.M.'s infant son was supported by sufficient evidence and was not against the manifest weight of the evidence. Moore's claim otherwise lacks merit.

{¶ 17} Moore also argues his conviction was against the manifest weight of the evidence because the state failed to prove that he did not act in self-defense given his testimony that he caused H.M. physical harm only after she scratched him and bit him on the arm "so hard." However, while it may be true that it was the state that had the burden to prove Moore had not acted in self-defense, *see* R.C. 2901.05(B)(1), the jury was presented with two conflicting versions of events: one from H.M. and one from Moore. "[W]hen conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the trier of fact believed the prosecution testimony." *State v. Lunsford*, 12th Dist. Brown No. CA2010-10-021, 2011-Ohio-6529, ¶ 17. This is because, "[a]s the trier of fact in this case, the jury was in the best position to judge the credibility of witnesses and the weight to be given the evidence." *State v. Johnson*, 12th Dist. Warren Nos. CA2019-07-076 and CA2019-08-080, 2020-Ohio-3501, ¶ 24, citing *State v. Jones*, 12th Dist. Butler No. CA2015-02-020, 2015-Ohio-5029, ¶ 41.

{¶ 18} Again, given its verdict, the jury clearly chose to believe H.M.'s testimony that Moore was the initial aggressor who had caused H.M. physical harm, i.e., that it was Moore who was at fault in creating the situation that gave rise to the affray between he and the victim, H.M. Despite Moore's claims, the jury did not have to accept his claim of self-defense simply because he asserted the defense at trial. *See State v. Pittman*, 9th Dist. Summit No. 29705, 2021-Ohio-1051, ¶ 19 ("[t]he jury was free to find [appellant's] testimony regarding self-defense not credible, and instead believe the State's version of the events. [Appellant's] conviction is not against the manifest weight of the evidence simply because the jury chose to do so"); *State v. Jones*, 8th Dist. Cuyahoga No. 108371, 2020-Ohio-3367,

¶ 85 ("[t]he fact that [appellant] testified concerning his affirmative defense of self-defense does not mean that the jury had to believe him").

{¶ 19} Given the evidence presented at trial that Moore was not acting in self-defense when he caused physical harm to H.M., Moore's domestic violence conviction was not against the manifest weight of the evidence. This is because, as noted above, the state proved beyond a reasonable doubt that Moore was the initial aggressor who knowingly caused H.M., the mother of his then two-month-old son, physical harm by choking H.M., elbowing H.M. in the face three or four times, and punching H.M. in the face at least four times. *See, e.g., State v. Fritts*, 12th Dist. Butler No. CA2019-10-173, 2020-Ohio-3692, ¶ 17-22 (appellant's conviction for domestic violence was not against the manifest weight of the evidence where "the state proved beyond a reasonable doubt that appellant was the initial aggressor and that he knowingly caused physical harm to his wife by shoving her to the ground and choking her"). Therefore, finding no merit to any of the arguments raised by Moore herein, Moore's two assignments of error lack merit and are overruled.

{¶ 20} Judgment affirmed.

HENDRICKSON and BYRNE, JJ., concur.